# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
JUL 27 2005
CLERK US DIST COURT
ST. PAUL, MN

---

No. 03-2708

---

| | | |
|---|---|---|
| Jason Albert Becht, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | CR 00-15 MJD/JGL |
| Appellee. | * | |

---

Submitted: October 18, 2004
Filed: April 7, 2005

---

Before COLLOTON, LAY, and BENTON, Circuit Judges.

---

COLLOTON, Circuit Judge.

Jason Albert Becht was convicted of one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(1). His conviction was affirmed on appeal, *United States v. Becht*, 267 F.3d 767 (8th Cir. 2001), and it is final. Becht petitioned for relief under 28 U.S.C. § 2255, claiming that his conviction must be vacated because, in light of the Supreme Court's decision in *Free Speech Coalition v. Ashcroft*, 531 U.S. 1124 (2001), the conviction was based upon a statute that made criminal certain activities protected by the First Amendment. Becht

SCANNED
JUL 27 2005
U.S. DISTRICT COURT ST. PAUL

supplemented his petition to include a claim of ineffective assistance of appellate counsel. The district court[1] denied his petition, and we affirm.

I.

Becht owned and operated a website displaying and disseminating child pornography, which was discovered by law enforcement authorities. Becht was prosecuted for possession and distribution of child pornography under the Child Pornography Prevention Act of 1996 ("CPPA"), as codified at 18 U.S.C. § 2252A. In accordance with the CPPA, the jury instruction under which Becht was convicted defined "child pornography" as a "visual depiction [that] is, or appears to be, of a minor engaging in sexually explicit conduct." (Final Jury Instruction No. 16).[2]

Becht's trial counsel, citing *Free Speech Coalition v. Reno*, 198 F.3d 1083 (9th Cir. 1999), objected to the instruction on the ground that the "appears to be" language of the CPPA infringed upon conduct protected by the First Amendment. The district court, relying on *United States v. Hilton*, 167 F.3d 61 (1st Cir. 1999), and *United States v. Acheson*, 195 F.3d 645 (11th Cir. 1999), concluded that the statute was constitutional, because it was narrowly tailored to further a compelling governmental

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[2]The complete jury instruction read as follows:

> "Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (1) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, or (2) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct.

interest. Becht was convicted and sentenced to ninety-seven months' imprisonment, two years of supervised release, and a $200 special assessment.

On December 28, 2000, Becht retained appellate counsel. On January 22, 2001, the Supreme Court granted certiorari to review the Ninth Circuit's decision on the constitutionality of the CPPA, *see Ashcroft v. Free Speech Coalition*, 531 U.S. 1124 (2001), and Becht asked his counsel to raise the constitutional issue on his direct appeal to this court. When counsel declined to do so, Becht filed an unsuccessful pro se motion to dismiss his attorney and to be assisted by new counsel. In his response to that motion, counsel explained that the appellate strategy was the result of a review of the transcript, a discussion with Becht's trial counsel, counsel's own legal research, and consultation with other appellate counsel.

Becht's counsel eventually filed an appellate brief, which did not raise the constitutionality of the CPPA or the jury instruction defining "child pornography." The brief did argue that the district court's admission of thirty-nine images of child pornography unfairly prejudiced Becht's defense in violation of Federal Rule of Evidence 403, and that the government offered insufficient evidence to support the jury's verdict of guilty. A panel of this court rejected those arguments. *Becht*, 267 F.3d 767.

On April 16, 2002, the Supreme Court affirmed the Ninth Circuit in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), holding that the "appears to be" language of the CPPA was overbroad and unconstitutional under the First Amendment. *Id.* at 258. The Court also remanded a number of cases for further consideration in light of *Free Speech Coalition*. *See United States v. Mento*, 535 U.S. 1014 (2002); *Fox v. United States*, 535 U.S. 1014 (2002); *O'Connor v. United States*, 535 U.S. 1014 (2002); *Tampico v. United States*, 535 U.S. 1014 (2002); *Snow v. United States*, 535 U.S. 1014 (2002); *Peebles v. United States*, 535 U.S. 1014 (2002). Becht neither argued the constitutionality of the CPPA on direct appeal nor petitioned

for certiorari on the issue, so his case was not among those remanded for further consideration.

One month later, on May 17, 2002, Becht moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Becht argued that his conviction should be vacated because the law under which he was convicted was facially invalid under the First Amendment. Becht supplemented his petition with a claim that his appellate counsel was ineffective for failing to raise the constitutional challenge to the CPPA on direct appeal despite Becht's specific request.

The district court denied Becht's § 2255 motion, but granted a certificate of appealability in accordance with 28 U.S.C. § 2253(c)(1)(A) and Federal Rule of Appellate Procedure 22(b)(1). The certificate framed the issue for appeal as follows: "Did Petitioner receive ineffective assistance of counsel on direct appeal because his attorney did not challenge the validity of his guilty plea on the grounds that 28 U.S.C. § 2256(8)(B) was unconstitutional?"

II.

Becht's § 2255 motion raised both a claim that his conviction was obtained in violation of the First Amendment, and an assertion that his appellate counsel's ineffective assistance resulted in a violation of the Sixth Amendment. The government argued that Becht had procedurally defaulted his First Amendment claim by failing to raise it on direct appeal. The district court's order denying Becht's § 2255 motion discussed Becht's allegation of ineffective assistance only in the course of considering whether Becht had demonstrated "cause" and "prejudice" to excuse his procedural default of a First Amendment challenge to the CPPA. The district court's certificate of appealability, however, frames the issue for appeal as whether Becht received "ineffective assistance of counsel on direct appeal because

his attorney did not challenge the validity of his guilty plea on the grounds that 28 U.S.C. § 2256(8))(B) was unconstitutional?"

The certificate of appealability is confusing for two reasons. First, it refers to the validity of Becht's "guilty plea" when Becht pleaded not guilty and was convicted after a jury trial. Second, the certificate does not specify whether it is limited to an appeal raising Becht's Sixth Amendment claim that he was deprived of ineffective assistance of counsel on direct appeal, whether it is limited to an appeal raising Becht's First Amendment claim (as to which the ineffective-assistance claim is a necessary predicate to excuse a procedural default), or whether it is intended to encompass both claims. We believe that the certificate of appealability is best construed as authorizing an appeal of both constitutional claims, because a decision on the issue of ineffective assistance of counsel is necessary to resolution of both claims. *See McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001); *Jackson v. Gammon*, 195 F.3d 349, 353 (8th Cir. 1999). We assume that the reference to a "guilty plea" was the result of an oversight, and we construe the certificate to encompass the question whether Becht's appellate counsel was ineffective in failing to challenge the validity of Becht's conviction by jury.

To succeed on his First Amendment claim, Becht must show that the claim was not procedurally defaulted.[3] "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations

---

[3]Ordinarily, prior to considering whether Becht's procedural default was excused, we would determine whether Becht's motion is barred by the rule on retroactivity announced in *Teague v. Lane*, 489 U.S. 288 (1989). The government, however, concedes that *Free Speech Coalition* may fit an exception to the *Teague* rule and, "for purposes of this appeal only," does not argue that Becht's petition is barred by *Teague*. (Gov't Br. at 11).

and citations omitted). Becht does not claim actual innocence, and so we consider only whether he has demonstrated both cause and actual prejudice.

Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default. *Boysiewick v. Schriro*, 179 F.3d 616, 619 (8th Cir. 1999). Thus, the condition Becht must meet to proceed on his First Amendment claim is identical to the merits of his Sixth Amendment claim. To establish ineffective assistance of counsel, both as an independent claim and as cause and prejudice to excuse a procedural default, Becht must show that "counsel's performance was deficient" and "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, Becht must establish first that his "counsel's assistance fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances; and second, that the deficient performance prejudiced [his] defense." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotations omitted).

"Our review of counsel's performance is highly deferential," *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995), and "[i]t is the defendant's burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996). In this case, however, Becht's appellate counsel failed to raise the First Amendment issue despite Becht's specific requests that he do so, where there was a conflict in the circuits on the constitutionality of the "appears to be" language of the CPPA, and after the Supreme Court granted certiorari in *Free Speech Coalition*. For these reasons, we will assume that Becht received deficient representation on direct appeal, and proceed to consider whether he has established prejudice. *See Owens v. Dormire*, 198 F.3d 679, 682 (8th Cir. 2000).

To show that he was prejudiced by deficient performance of counsel, Becht must establish that counsel's conduct rendered the result of the proceeding unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "A necessary condition for establishing prejudice is to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Schumacher*, 83 F.3d at 1037.

To determine whether there is a reasonable probability that the result of the proceeding would have been different, we consider what this court would have done had Becht raised the First Amendment issue on appeal. *See Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992). Had he done so, this court either would have anticipated the Supreme Court's decision and found the CPPA unconstitutional or would have agreed with the majority view at the time that the statute was constitutional. In the latter event, it is reasonably probable that Becht would have filed a petition for writ of certiorari, and this court would have reviewed the case again on remand from the Supreme Court after the decision in *Free Speech Coalition*. In either event, the question would have arisen whether the faulty jury instruction including the "appears to be" language was subject to review for harmless error.

There are two lines of decisions from the Supreme Court that bear on whether the faulty jury instruction in Becht's trial may be considered harmless error. One series of cases, beginning with *Stromberg v. California*, 283 U.S. 359 (1931), addresses the situation in which a jury returns a general verdict of guilty after a case is submitted on alternative theories, and one of the theories is later determined to be unconstitutional. Because a reviewing court cannot know whether the jury convicted based on a constitutional theory or an unconstitutional theory, the Supreme Court has held in several such cases that a general verdict of guilty cannot stand. "It has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside." *Sandstrom v. Montana*, 442 U.S. 510, 526 (1979) (quoting *Leary v. United States*,

395 U.S. 6, 31-32 (1969)). Most recently, in *Griffin v. United States*, 502 U.S. 46 (1991), the Court explained that *Stromberg* does "not necessarily stand for anything more than the principle that, where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." *Id.* at 53.

Although the Supreme Court has not discussed *Stromberg* in the specific context of harmless-error analysis, some appellate decisions have read *Stromberg* to circumscribe harmless-error review. The Eleventh Circuit has concluded that in a *Stromberg*-type case, the reviewing court may not consider whether the strength of the evidence on the valid theory submitted to the jury is sufficient to render harmless the error of instructing the jury on an alternative theory that is unconstitutional: "*Stromberg* does not suggest a harmless error standard based on overwhelming evidence of guilt under the valid portion of the jury charge. Rather, *Stromberg* states simply that if it is 'impossible' to say on which ground the verdict rests, the conviction must be reversed." *Adams v. Wainwright*, 764 F.2d 1356, 1362 (11th Cir. 1985). *See also Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 778 (11th Cir. 2003) ("An error with regard to one independent basis for the jury's verdict cannot be rendered harmless solely because of the availability of the other independent basis.").

A second line of Supreme Court decisions, however, has emphasized that most constitutional errors are subject to review for harmlessness. The Court has "'repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.'" *Rose v. Clark*, 478 U.S. 570, 576 (1986) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986)). A narrow class of errors – defects "affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself" – are considered "structural" errors that require automatic reversal. *Neder v. United States*, 527 U.S. 1, 8 (1999) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). In its most

comprehensive discussion of "structural" errors, the Court identified a list of errors that defy harmless error review: the complete denial of counsel, a biased judge, racial discrimination in jury composition, denial of a public trial, and a defective jury instruction on the reasonable-doubt standard of proof. *Neder*, 527 U.S. at 8. By contrast, harmless-error review may be conducted with respect to a trial court's failure to instruct on an essential element of a crime, *id.* at 13-15, and to an instructional error on an element of a crime that renders the resulting conviction unconstitutional. *Rose*, 478 U.S. at 576-82; *Pope v. Illinois*, 481 U.S. 497, 501-02 (1987).

"[A] constitutional error is either structural or it is not," *Neder*, 527 U.S. at 14, and we believe the flawed instruction in Becht's case is a trial error that belongs in the category that may be reviewed for harmlessness. The Supreme Court's decision in *Pope* provides particularly useful guidance. There, the defendants were convicted in separate cases of selling obscene materials. In light of an Illinois obscenity statute that permitted the admission of evidence concerning "[t]he degree, if any, of public acceptance of material *in this State*," Ill. Rev. Stat., ch. 38, ¶ 11-20 (1983) (emphasis added), the trial court instructed the juries to determine whether the material was obscene based on "how it would be viewed by ordinary adults in the whole State of Illinois." 481 U.S. at 499.

This instruction was constitutional error, because the First Amendment required the jury to measure the value of the allegedly obscene material according to a national "reasonable person" standard, rather than a narrower community standard. As a result, "there was necessarily a 'gap' between what the jury did find (that the allegedly obscene material lacked value under 'community standards') and what it was required to find to convict (that the material lacked value under a national 'reasonable person' standard)." *Neder*, 527 U.S. at 13-14. Despite that gap, the Court remanded the case for harmless-error analysis. *Pope*, 481 U.S. at 504. The Court explained that "in the absence of error that renders a trial fundamentally unfair,

such as a denial of the right to counsel or trial before a financially interested judge, a conviction should be affirmed '[w]here a reviewing court can find that the record developed at trial established guilt beyond a reasonable doubt'" under the correct legal and constitutional standard. *Id.* at 502-03 (quoting *Rose*, 478 U.S. at 579).

In Becht's case, there is a similar gap: If the jury convicted Becht under the "appears to be" language, there is a gap between the findings necessary to support such a conviction and the findings required to support a conviction for possession of images depicting actual children. As *Pope* and *Neder* explain, however, this gap does not preclude harmless error review. Even had an objection to the "appears to be" instruction been raised on direct appeal, Becht's conviction would have been affirmed if the trial record established guilt beyond a reasonable doubt under the alternative theory that Becht possessed images of actual children – just as the Supreme Court directed the Illinois courts to consider whether the error in *Pope* was harmless after replacing the erroneous "contemporary community" standards with the constitutionally-acceptable "national 'reasonable person' standard."

In light of *Pope*, *Neder*, and *Rose*, we believe that if Becht's jury had been instructed *only* on the erroneous theory that Becht possessed images of what "appeared to be" children, then the error would have been subject to harmless-error review. If the trial record established that any reasonable jury would have found guilt beyond a reasonable doubt under the correct constitutional standard – that Becht possessed images of *actual* minors – then the reviewing court could conclude that the instructional error was harmless. It would be anomalous to read *Stromberg* to preclude harmless-error review in Becht's case because the jury *also* was given the option to convict based on a constitutionally *valid* theory that Becht possessed images of actual children. As the First Circuit remarked, this assertion "reduces to the strange claim that, because the jury here received both a 'good' charge and a 'bad' charge on the issue, the error was somehow more pernicious than in *Rose* – where the *only* charge on the critical issue was a mistaken one. That assertion cannot possibly

be right, so it is plainly wrong." *Quigley v. Vose*, 834 F.2d 14, 16 (1st Cir. 1987) (per curiam).

In view of the Court's recent decisions concerning harmless-error review, we think the *Stromberg* line of cases is best read as an exception to the common law rule that where a general verdict of guilty rested upon both a "good" charge and a "bad" charge, it was presumed that the jury's verdict attached to the "good" one. *See Griffin*, 502 U.S. at 49-50. Where a general verdict may have rested on a ground that is forbidden by the Constitution, *Stromberg* prevents a reviewing court from presuming that the jury convicted on an alternative theory permitted by the Constitution, merely because the evidence was *sufficient* to support the constitutional ground. *Stromberg* thus establishes that there is "error" in such a case; it does not speak to whether the error may be harmless. The Court in *Neder* made no mention of the *Stromberg* line of cases when it catalogued those "structural errors" that defy harmless-error review, and for the reasons discussed, we believe that a *Stromberg*-type instructional error is an error in the trial process itself that may be reviewed for harmlessness. Indeed, we have held that a jury instruction using the erroneous "appears to be" language from the CPPA was not "plain error" warranting relief, *United States v. Wolk*, 337 F.3d 997, 1004 (8th Cir. 2003), and that holding "cuts against the argument" that the flawed instruction will always render a trial unfair. *See Neder*, 527 U.S. at 9.

We conclude, therefore, that the unconstitutional jury instruction would have been reviewed for harmless error if Becht had raised the issue on appeal. On direct appeal, the government would have borne the burden of establishing that the error was harmless beyond a reasonable doubt. In this § 2255 habeas corpus proceeding, however, it is Becht's burden to establish that he suffered prejudice as a result of his appellate counsel's deficient performance. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Becht "must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The standard for prejudice under *Strickland* is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005); *United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994). In both instances, the party challenging a conviction must show a reasonable probability that absent the alleged error, the outcome of the proceeding would have been different. *See United States v. Dominguez Benitez*, 124 S.Ct. 2333, 2339-40 (2004). Comparison of the plain error and *Strickland* prejudice standards is helpful in this case because we and other courts previously have considered whether a jury instruction that is erroneous under the decision in *Free Speech Coalition* amounts to "plain error" warranting relief. *See Wolk*, 337 F.3d at 1004; *United States v. Hall*, 312 F.3d 1250, 1260 (11th Cir. 2002); *United States v. Richardson*, 304 F.3d 1061, 1064 (11th Cir. 2002). In those cases, where a jury was instructed that it could convict upon finding possession of a visual depiction that "appears to be" of a minor, the reviewing courts looked to the available evidence, found that the children depicted were actual minors, and concluded that the defendant's substantial rights were not affected by the erroneous jury instruction. *Id.*

The images that Becht was convicted of possessing were introduced at his trial and viewed by the jury that convicted him. They remain in the record, and we have examined them. We have no doubt that the images depict real children. We have held that a jury may find that images depict real children based only on a review of the images themselves, *United States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003); *United States v. Vig*, 167 F.3d 443, 449-50 (8th Cir. 1999), and we conclude in this case that "no rational juror, if properly instructed" could find that the depictions were not of actual minors. *Pope*, 481 U.S. at 503; *see Wolk*, 337 F.3d at 1004; *Hall*, 312 F.3d at 1260; *Richardson*, 304 F.3d at 1064 & n.2; *cf. United States v. Hilton*, 386 F.3d 13, 18-19 & n.5 (1st Cir. 2004) (affirming grant of habeas relief based on

unconstitutionality of CPPA where "the government failed effectively to preserve the issue of harmless error review on appeal"); *United States v. Ellyson*, 326 F.3d 522, 531 (4th Cir. 2003) (holding that erroneous "appears to be" jury instruction was not harmless error where government expert testified that he did not know whether charged images depicted actual children or were virtual creations).

Becht has offered no evidence to suggest that the depictions did not involve actual children. He produced no evidence at trial that the depictions were "virtual images." In this § 2255 proceeding, where Becht bears the burden of proving prejudice, he did not request an evidentiary hearing or otherwise proffer that he could present any evidence that the children depicted were not actual minors. And as the Supreme Court itself observed in *Free Speech Coalition*, the hypothesis that virtual images are indistinguishable from real ones is "somewhat implausible," because "[i]f virtual images were identical to illegal child pornography, the illegal images would be driven from the market by the indistinguishable substitutes." 535 U.S. at 254. Because we have no doubt that any reasonable jury considering the trial record would find that the depictions were of actual minors, and Becht has offered no evidence to the contrary in this habeas corpus proceeding, we conclude that he failed to establish prejudice arising from his appellate counsel's failure to challenge the erroneous jury instruction on direct appeal.

* * *

For the foregoing reasons, we conclude that Becht has failed to demonstrate prejudice resulting from his counsel's performance on direct appeal. Consequently, he has not established a deprivation of his right to counsel under the Sixth Amendment or cause and prejudice to excuse his procedural default on his First Amendment claim. Accordingly, the judgment of the district court is affirmed.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans